WILSON *v.* CUBLEY and others.[1]

*(Circuit Court, N. D. Illinois.  January 4, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
    The first claim of letters patent No. 255,229, of March 21, 1882, to Charles C. Wilson, for improvement in hand-stamps, *held* valid and infringed.
2. SAME—FEATURE SHOWN BUT NOT CLAIMED IN PATENTEE'S EARLIER PATENT.
    The fact that the complainant showed a feature in an earlier patent did not of itself preclude him from claiming it in a subsequent patent, under the rule in *Graham* v. *McCormick*, 11 Fed. Rep. 859, and cases there cited.
3. SAME—ADDITIONAL FUNCTION PERFORMED BY INFRINGING DEVICE.
    The fact that defendants' device is an improvement, and, as such, patentable, does not entitle him to use the patented device without license.

In Equity.
*Peirce & Fisher,* for complainant.
*H. Henderson,* for defendants.

BLODGETT, J.  This is a bill for an injunction and accounting, by reason of an alleged infringement of letters patent No. 255,229, issued to complainant, March 21, 1882, for "an improvement in hand-stamps." The first claim of the patent only is claimed to be infringed.

The elements of this claim are shown in Figs. 6 and 7 of the drawings of the patent, and are one modification of the invention covered by the patent. The claim reads as follows: "In a hand-stamp, the plate, F, having a receiving slot and catch-lug in combination with the type, and detachable spring-catches for engaging said lug, substantially as shown and described."

The defendants make and sell a hand-stamp in which they use a plate like complainant's, plate, F, with a receiving slot for the type and lugs, with detachable springs for holding the type in place by

[1]Reported by Charles C. Linthicum, Esq., of the Chicago bar.

engaging the spring with the lugs. Complainant's patent shows the type arranged upon a band around a shell or cylinder, and by moving this band the desired type are brought to the lower part of the shell, where they are passed into the slot in the plate, F, and kept there by means of the catch-spring and lugs. Defendants set their type into a metal box or frame, and insert the box in the slot, and retain it in place by means of a catch-spring and lugs. It is true, as contended by defendants, that their screw-lugs may have an additional function not shown in the complainant's patent; that is, the element of adjustability, by which the lugs can be shortened or screwed down, as the face of the type wears away, so as to keep the type in the slot even with the rest of the type in the stamp; but there can be, I think, no doubt that the defendants' lugs and spring perform the same function in the defendants' stamp that is performed by the lugs and springs in complainant's patent, and the fact that they put their type into a metal box or frame, and set this box or frame into the slot, in no way changes the operation of their machine from that of the complainant.

The evidence of prior use, and as to the prior state of the art, does not, it seems to me, defeat the complainant's patent, for want of novelty, or so limit it as to allow the defendants to use these parts in their combination. The fact that the complainant showed a feature analogous to the function and operation of this feature in one of his earlier patents did not, I think, preclude him from taking this patent, under the rule laid down in *Graham* v. *McCormick*, 11 Fed. Rep. 859, and the cases there referred to.

The adjustable screw-lugs used by the defendants may be an improvement on the fixed and rigid lugs shown by the patent, and for that reason might form the subject of a further patent; but that is no reason why the defendant should use them without license from the plaintiff.

The finding, therefore, is that the defendants infringe the first claim of the complainant's patent, and there should be a reference for the purpose of taking an account.